UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**BARRY C. DRAKE**                                                                                   **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:22-cv-196-BJB**

**LLOYD AUSTIN, III et al.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION

*Pro se* Plaintiff Barry C. Drake brings this civil lawsuit proceeding *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses this lawsuit.

### I. STATEMENT OF CLAIMS

Plaintiff sues Lloyd Austin, III, U.S. Secretary of Defense, and Tom Shull, Chief Executive of the Army and Air Force Exchange Service (AAFES). Plaintiff indicates on the complaint form that he invokes federal-question jurisdiction, alleging: "249 Hate Crimes Prevention Act, no fear act[;] 241 Conspiracy against rights . . . [;] 242 Deprivation of Rights[;] 245 federally protected rights." He asserts that Defendants injured him by twice "utilizing racial discrimination to injure him psychologically then refuse to pay court ordered compensation and by stealing all of his medical records and all documentation of proof to hide his criminal acts." He states that his injury was caused by a series of hate crimes that began in 1993 and still continue.

Plaintiff attaches a typewritten statement which explains that he had been employed by AAFES as a food service worker at Fort Knox. He also attaches a 1995 decision and order from a U.S. Department of Labor Administrative Law Judge involving a claim for workers'

compensation filed by Plaintiff. That decision ordered AAFES to compensate Plaintiff for temporary total disability as a result of an unidentified November 3, 1993, work-related injury.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). Plaintiff, as the party bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Plaintiff appears to rely on federal criminal statutes to invoke federal-question jurisdiction.  Each citation corresponds to a section of the U.S. criminal code, though the corresponding title (18) is not specified: "249 Hate Crimes Prevention Act, no fear act[;] 241 Conspiracy against rights . . . [;] 242 Deprivation of Rights[;] 245 federally protected rights." Complaint at 3; *see also id.* at 5.  These federal criminal statutes are enforced by the U.S. government and do not provide citizens with rights to file civil suits against others for allegedly violating the criminal law.  Several judicial decisions have recognized this.  *See, e.g., Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (recognizing that 18 U.S.C. §§ 241 and 242 are criminal federal criminal statutes, which do not provide private causes of action) (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)); *Everage v. Cent. Broad. Sys. Corp., Inc.*, No. 7:18-102, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (collecting decisions holding that the Hate Crimes Prevention Act, 18 U.S.C. § 249, "does not authorize a private right of action"); *Scalf v. Cuyahoga Cnty. Jail*, No. 1:18 CV 317, 2018 WL 2717268, at *2 (N.D. Ohio June 6, 2018) ("Plaintiff cannot obtain relief under 18 U.S.C. § 245. This federal criminal statute permits federal prosecution for interference with a list of federally protected activities.  It does not confer either substantive rights or a private right of action for damages to civil litigants.").

Because none of the statutes cited in the Complaint establish this Court's jurisdiction over this lawsuit, the Court must dismiss the case for lack of subject-matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this lawsuit and deny as moot Plaintiff's two motions for default judgment (DNs 6 & 7).

Date: October 24, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
B213.009